# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

MARC CLERMONT, on behalf of himself
and all others similarly situated,

       Plaintiff,

  v.

MONSTER WORLDWIDE, INC.,
SALVATORE IANNUZZI and
DAVID TRAPANI,

       Defendants

Docket No. 14-cv-14328-LTS

## JOINT STATEMENT OF THE PARTIES

      Plaintiff Marc Clermont, on behalf of himself and all others similarly situated, and

Defendants Monster Worldwide, Inc., Salvatore Iannuzzi, and David Trapani (collectively,

"Monster" or "Defendants") submit the following joint statement pursuant to the Court's

Memorandum and Order on Defendants' Motion to Dismiss ("Memorandum and Order").  Dkt.

26.

      In its Memorandum and Order, the Court instructed the parties to file a joint statement

advising the Court (1) if any party believes further factual development might affect resolution of

the issues before the court and (2) any other matter requiring resolution prior to entry of

judgment.  The parties' counsel conferred on April 14, 2015 to discuss this joint statement and

respond as follows.

## QUESTION ONE:  DOES ANY PARTY
## BELIEVE THAT FURTHER FACTUAL DEVELOPMENT
## MIGHT AFFECT RESOLUTION OF THE ISSUES BEFORE THE COURT?

**I.**     **Plaintiff's Response.**

Plaintiff believes there is no factual development that might affect resolution of the issues before the court.  It is undisputed that Mr. Clermont was an employee of Monster for about 13 years, that he was terminated from employment on April 3, 2014, and that his final wages, including salary and unpaid vacation time, was not paid and/or made available to Mr. Clermont until no earlier than April 4, 2014.  The only factual question that possibly remains is whether initiating an ACH payment to Mr. Clermont and other (a/k/a direct deposit) Monster employees at about 4:30PM of April 3, 2014 constitutes "payment" under the Wage Act when such funds were not actually available to Mr. Clermont until no earlier than April 4, 2014.  The Court considered argument form both parties and an un-redacted bank statement produced by Defendants *in-camera* and concluded Defendants did not pay Mr. Clermont on the day of discharge as required under the terms of the Massachusetts Wage Act, leaving damages as the sole remaining issue.

Monster's response argues the Court cannot render judgment on the pleadings, arguing instead that it may only rule on the Rule 12(b)(6) Motion to Dismiss before it, but also argues the Court can consider affirmative defenses.  Monster appears to argue out of both sides of its mouth, but avoids the question the court asked.  The answer to that question is "no", there is no *factual* development that might affect resolution of the issues before the court.

On the one hand, Defendants argue, correctly, that they have not answered the complaint.  On the other hand Defendants argue the Court can consider affirmative

defenses that have yet to assert—after all they have yet to answer.  Further, Monster
argues that here the court properly considered an "albeit implicitly" asserted affirmative
defense based on a 2003 non-binding trial court opinion.  The Massachusetts Supreme
Judicial Court has addressed the Wage Act a number of times since it was amended in
2008 and has universally upheld the Act's express terms.  Since the Court is interpreting
state law these circumstances require that this Court certify questions of damages to the
Massachusetts Supreme Judicial Court because the Court's decision here is based on an
"implied" affirmative defenses that contradicts the Act's clear strict liability damages
language.

     Regardless, if the Defendants believe the Court cannot render judgment on the
pleadings, which Plaintiff disagrees, then it must resolve the questions before it under the
Motion to Dismiss "plausibility" standard previously briefed by the parties.  Under that
standard it is clear the complaint sets forth a plausible right to recovery that survives
dismissal under the law at this stage, and the Court's Memorandum and Order supports
this since the Court found Defendants violated the Wage Act.

## II.    <u>Defendants' Response.</u>

     Monster states that the existing record is sufficient to grant its Motion to Dismiss
and enter judgment accordingly, but the existing record does not permit a finding as to
whether Monster violated the Wage Act in the manner contemplated in the
Memorandum and Order.

     For the purposes of its Motion to Dismiss, Monster treated the factual allegations
set forth in Plaintiff's Complaint as true but expressly reserved the right to contest those
allegations should any part of the action survive the Motion to Dismiss.  Dkt. 6 at 2 n. 1.
Monster has filed no pleadings in this matter and has made no representations as to the

truth of Plaintiff's factual allegations, including whether he was owed any final wages or when its final payment to Plaintiff was available to him for withdrawal from his bank account.

Because Monster has filed no pleadings regarding Plaintiff's factual contentions, the Court cannot enter judgment against Monster on any issue under the auspices of a motion for judgment on the pleadings ("MJOP").  Under Rule 12(c) of the Federal Rules of Civil Procedure, an MJOP is allowed only after the defendant files an answer:

> Rule 12(c) allows a party to move for judgment on the pleadings after filing an answer.  It is well settled that judgment under Rule 12(c) is permitted *only* when it is based on the pleadings.  Pleadings include the complaint, the answer and any written instruments attached as exhibits.

*McLaughlin Transp. Sys., Inc. v. Rubinstein*, 390 F. Supp. 2d 50, 57-58 (D. Mass. 2005) (internal quotation marks and citations omitted) (emphasis added); *Lyons v. Port Norfolk Yacht Club, Inc.*, 1989 WL 8817, at *1 (D. Mass. Jan. 25, 1989) ("A motion for judgment on the pleadings . . . may not be filed before the answer." (quoting *NY State United Teachers v. Thompson*, 459 F. Supp. 677, 680 (N.D.N.Y. 1978))).

Here, Monster has not filed an answer, and the Court does not have before it the pleadings necessary to render a judgment on the pleadings.  *Mass. Inst. of Tech. v. Research, Dev. & Tech. Empl. Union*, 980 F. Supp. 2d 8, 13 (D. Mass. 2013) ("[U]nlike a motion under Rule 12(b)(6), a motion under Rule 12(c) implicates the pleadings as a whole rather than solely drawing from the complaint[.]") (internal quotation marks and citation omitted)); *Lyons*, 1989 WL 8817 at *1 ("If a Rule 12(c) motion is . . . filed by the defendant before answering, the court may treat it as a motion to dismiss under Rule 12(b)(6)."); *City Bank v. Glenn Const. Corp.*, 68 F.R.D. 511, 512 (D. Haw. 1975) (Rule

4

12(c) motion properly re-characterized as a motion to dismiss where defendant had not filed an answer).

Resolution of the question of whether Monster violated the Wage Act is not necessary to resolve the action and enter judgment.  On a motion to dismiss, in assessing whether the plaintiff has stated a claim upon which relief may be granted, a court may consider affirmative defenses.  *Nisselson v. Lernout*, 469 F.3d 143, 150 (1st Cir. 2006) (it is permissible to dismiss a case under Rule 12(b)(6) based on an affirmative defense); *Rodi v. S. New England Sch. Of Law*, 389 F.3d 5, 11 (1st Cir. 2004) (same); *Coyle v. Santucci*, 2014 WL 298843, at *3 (D. Mass. Jan. 24, 2014) ("Although most motions to dismiss . . are premised on a plaintiff's putative failure to state an actionable claim, such a motion may sometimes be premised on the inevitable success of an affirmative defense."" (quoting *Rodi*, 389 F.3d 5 at 12.)).

Part III of the Court's Memorandum and Order is a sufficient basis for entry of final judgment on Monster's Motion to Dismiss.  Part III finds that the Wage Act "authorizes, albeit implicitly, a defense arising from a specific, tardy wage payment made before the bringing of a complaint."  Dkt. 26 at 7.  It also finds that because Plaintiff has "disavowed any claim for interest arising from" a late payment, Plaintiff is entitled to no damages.  *Id.* at 8-9.  This is tantamount to finding that Plaintiff has failed to state a valid claim upon which relief can be granted because of the inevitable success of an affirmative defense and the lack of any available remedy.  For this reason, the Court need not (and on a Motion to Dismiss, may not) make any determination as to Monster's alleged violation of the Wage Act in order to find that Monster has an affirmative defense that warrants dismissal of Plaintiff's Complaint in its entirety.

## QUESTION TWO:  IS THERE ANY OTHER MATTER REQUIRING RESOLUTION PRIOR TO ENTRY OF JUDGMENT?

**I.**    **Plaintiff's Response.**

Plaintiff's counsel believes this Court should certify questions to the Massachusetts Supreme Judicial Court prior to entry of judgment to determine what damages, if any, should be awarded to an aggrieved employee when an employer is found to have violated the Massachusetts Wage Act but who is paid all wages prior to the filing of his or her complaint, and also which defenses, if any, are available to an employer found to have violated the Wage Act to offset such damages.

Mr. Clermont requests 10 days to submit a motion containing the proposed legal questions he seeks be certified to the Massachusetts Supreme Judicial Court for response, subject to LR 7.1(2) for filing oppositions.  Mr. Clermont asserts certified questions are required before entry of final judgment because the Court's Memorandum and Order is based on the interpretation of state law—an implied affirmative defense that is not express in the Wage Act—and relies in part on non-binding state case law for the lack of any award of treble damages, lost wages or other benefits.

The specific non-binding authority, *Dobin v. CIOView,* was decided in the Massachusetts Superior Court in 2003 and awarded damages in the form of interest for the time period between when the wages involved should have been paid and when they actually were, plus costs and attorney's fees.  The 2003 version of the Wage Act did not mandate the award of triple damages, did not expressly provide for any interest-only damages for violation of the Wage Act where wages were untimely per the Wage Act but before a complaint was brought, and did not contain an express affirmative defense of payment of wages after the date they are due under the Wage Act but before the filing of

6

a complaint.  Five years after the *Dobin* decision the Wage Act was amended by the Massachusetts legislature.  The 2008 version of the Wage Act added mandatory triple damages for a violation of the Wage Act but did not include any damages language created by Judge Gants in the *Dobin* decision, and did not add any affirmative defenses such as the one implied here.  This is an important distinction because the issue of damages for an employer found to have violated the Wage Act but later made payment of wages before the filing of a complaint by an aggrieved employee has arguably been decided by the Supreme Judicial Court in the employees favor, just not for the precise facts of this case.  *See  Dixon v. City of Malden,* 464 Mass. 446, 452 (2013) (a violation of the Wage Act results in damages).

The Supreme Judicial Court's *Dixon* decision states unambiguously that it is impossible for there not to be any damages against an employer who has violated the Wage Act.  The Court states in its Memorandum and Order otherwise, and because the decision is also based in part on counsel's *legal argument*—that interest only damages are not available under the Wage Act—there are compelling reasons to certify these questions of Wage Act damages and defenses so that the Supreme Judicial Court can provide a definitively answer to these questions that directly relate to the damages it recently awarded in 2013 in *Dixon.*

Answers to certified questions would provide guidance to the Court for the issues of Wage Act damages and defenses and clarify whether the Wage Act today follows *Dobin* for the type of damages involved in this case, follows *Dixon*, or follows this Court's computation.  By not following either *Dobin* or *Dixon* in this case, the Court is essentially expanding state law when it cannot.  *See Gill v. Gulfstream Park Racing Ass'n,*

*Inc.,* 399 F.3d 391, 402 (1st Cir. 2005)(A federal court sitting in diversity jurisdiction

cannot be expected to create new doctrines expanding state law.); *see also Ryan v. Royal*

*Ins. Co.,* 916 F.2d 731, 744 (1st Cir. 1990)(Suit in federal court under diversity

jurisdiction cannot expect that new trails will be blazed through the field of state common

law).  For these reasons Plaintiff requests time to file a motion for the Court to certify

questions to the Massachusetts Supreme Judicial Court.

## II.    **Defendants' Response.**

Defendants submit that there is no other matter requiring resolution prior to the

entry of judgment in the manner described in response to the Court's first question.

In specific response to Plaintiff's proposal to certify questions to the

Massachusetts Supreme Judicial Court ("SJC"), such certification would be improper for

two reasons.  First, the SJC's procedural rules contemplate certification of questions only

*before* the certifying court has reached those questions.  The mechanism is not intended

to be used as a backstop or gut check by a trial court after it has answered the question at

issue for itself.  SJC Rule 1:03 provides that the SJC may answer questions of law

certified to it by a U.S. District Court "if there are involved in any proceeding before it

questions of law of this state which may be determinative of the cause then

pending . . . ."  Here, there is no longer such a cause pending because the Court has

already rendered a decision on the very question that Plaintiff seeks to certify.

Second, it "is inappropriate for a federal court to use [certification] when the

course the state courts would take is reasonably clear." *Fischer v. Bar Harbor Banking &*

*Trust Co.*, 857 F.2d 4, 8 (1st Cir. 1988).  Here, the course that a state court would take is

quite clear.  As the Court recognized in its Memorandum and Decision, now Chief Justice

Gants ruled in *Dobin v. CIOView* that payment of wages prior to the initiation of a

lawsuit is a statutory defense to a Wage Act claim and precludes treble damages.  2003 WL 22454602, at *7-8 (Mass. Super. Oct. 29, 2003).  There is no authority to the contrary, and the Court determined that the two state cases that Plaintiff cited in an attempt to substantiate his position (*Dixon* and *Somers*) are inapposite.  Memorandum and Decision, at 7-8.  The state appellate courts need not have issued a definitive ruling on the precise subject at issue in order for the course that they would take to be clear.  *Michelin Tires v. First Nat'l Bank of Bosto*n, 666 F.2d 673, 682 (1st Cir. 1981) (noting that even  in the absence of a definitive ruling, courts may consider "analogous decisions, considered dicta, scholarly works and any other reliable data tending convincingly to show how the highest court in this state would decide the matter at hand.").  There is no realistic uncertainty as to the answer to the question that Plaintiff would certify to the SJC, and certification is hence improper.

## CONCLUSION

The Parties could not reach agreement on either question posed by the court and therefore submit separate statements for the Court's consideration.  Defendants contend that any judgment entered must be limited to the dismissal of Plaintiff's claims on the grounds stated in the Court's Memorandum and Order.  Plaintiff disagrees with that position.  Plaintiff contends that the Court should consider certification of questions to the SJC before disposing of this action, which Defendants contend to be improper.

19665218v.1

Dated:  April 23, 2015

RESPECTFULLY SUBMITTED,
Marc Clermont, individually and on behalf
of all others similarly situated,

By their Attorneys
The Augeri Law Group, PLLC

/s/ Anthony S. Augeri
Anthony S. Augeri, BBO No. 648696
231 Sutton Street, Suite 1-B
North Andover, MA  01845
Tel:  (978) 409.2565
Fax: (978) 686-4603
Email:  tony@augerilaw.com


And


Monster Worldwide, Inc., Salvatore
Iannuzzi, and David Trapani

By their attorneys

/s/ Barry J. Miller
Barry J. Miller, BBO No. 661596
bmiller@seyfarth.com
Anne S. Bider, BBO No. 682142
abider@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, MA  02210-2028
(617) 946-4800
Fax  (617) 946-4801

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document filed through the ECF system on
April 23, 2015.

/s/ Anne S. Bider
Anne S. Bider

19665218v.1